**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOMMY BONIFACIO LOPEZ, | NO. CV 09-0829 R (FMO) |
| Petitioner, | |
| v. | **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS** |
| GARY SWARTHOUT, Warden, | **OF UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | |

On February 3, 2009, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On April 15, 2009, respondent filed a Return to the Petition. On June 9, 2009, petitioner filed a Reply to the Petition.

On November 6, 2009, the Court appointed the Federal Public Defender to represent petitioner in all future proceedings in this matter. The Court also ordered the parties to file supplemental briefs to address the effect of Briceno v. Scribner, 555 F.3d 1069 (9th Cir. 2009), on Ground Two of the Petition. On November 30, 2009, respondent filed a Supplemental Return to the Petition. On March 16, 2010, petitioner filed a Supplemental Reply to the Petition. The Court reviewed all of the claims raised in the Petition and determined that petitioner's case should be bifurcated into two phases: (1) litigation of Grounds One and Three through Six in the Petition ("Phase One"); and (2) litigation of Ground Two in the Petition ("Phase Two").

On February 22, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Grounds One and Three through Six in the Petition be dismissed with prejudice and that the matter be referred back to the Magistrate Judge for further proceedings with respect to Ground Two in the Petition.[1] On April 1, 2011, petitioner filed Objections to the R&R ("Objections").

Petitioner's Objections challenge various "factual findings" in the R&R. (See Objections at 1-8). Contrary to petitioner's assertions, (see, e.g., id. at 3-8), the Magistrate Judge did not make any factual findings. Rather, the Magistrate Judge evaluated petitioner's claims and the record in light of the "highly deferential standard for evaluating state-court rulings" imposed by AEDPA in determining whether the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. See Renico v. Lett, 130 S.Ct. 1855, 1862 (2010) (internal quotation marks and citation omitted); Price v. Vincent, 538 U.S. 634, 640, 123 S.Ct. 1848, 1853 (2003) (Under the "contrary to" clause, "a decision by a state court is 'contrary to' [the Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'") (quoting Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20 (2000)); Williams, 529 U.S. at 413, 120 S.Ct. at 1523 ("Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of [petitioner]'s case."); see also Yarborough v. Alvarado, 541 U.S. 652, 665, 124 S.Ct. 2140, 2150 (2004) ("Relief is available under § 2254(d)(1) only if the state court's decision is objectively unreasonable.").

Further, petitioner's challenges to the "factual findings" in the R&R are no more than petitioner's interpretation of the state court record. (See Objections at 1-8). "AEDPA prevents

---

[1] Contemporaneously with the filing of the R&R, the Magistrate Judge issued an Order staying the case as to Phase Two.

2

[petitioners] – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico, 130 S.Ct. at 1866. Although petitioner's "interpretation of the trial record is not implausible[,]" the state court's interpretation of the record is equally plausible, i.e., "other reasonable interpretations of the record are also possible." Id. at 1865. Irrespective of whether or not the state court's decision was correct with respect to the subject claims, it is clear that the decision was not objectively unreasonable. See id. at 1866 ("Whether or not the [state court's] opinion . . . was *correct*, it was clearly *not unreasonable*.") (italics in original). Under the circumstances, petitioner's reliance on his interpretation of the record is insufficient in light of the deference that must be afforded to the state court's decision under AEDPA. See id. at 1860 & 1865-66 (reversing Court of Appeal's decision to affirm district court's grant of habeas relief and remanding for further proceedings because "these courts misapplied AEDPA's deferential standard of review[]" and "other reasonable interpretations of the record [we]re also possible[;]"); see also id. at 1862 ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.") (internal quotation marks and internal citations omitted).

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation, and the Objections to the Report and Recommendation. Having made a de novo determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

    1.    Grounds One and Three through Six in the Petition shall be dismissed with prejudice.

2. The matter is referred back to the Magistrate Judge for further proceedings with respect to Ground Two in the Petition.

DATED: May 12, 2011.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE