UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY BONIFACIO LOPEZ, ) | NO. CV 09-0829 R (FMO) |
|         Petitioner, ) | |
|     v. ) | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| GARY SWARTHOUT, Warden, ) | |
|         Respondent. ) | |

**INTRODUCTION**

On February 3, 2009, petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On April 15, 2009, respondent filed a Return to the Petition. On June 9, 2009, petitioner filed a Reply to the Petition.

On November 6, 2009, the court appointed the Federal Public Defender to represent petitioner in all future proceedings in this matter. On February 22, 2011, the Magistrate Judge issued a Report and Recommendation, recommending that Grounds One and Three through Six of the Petition be dismissed with prejudice, and that Ground Two of the Petition be remanded for further proceedings. On May 12, 2011, the District Judge accepted the Report and Recommendation, dismissed Grounds One and Three through Six of the Petition with prejudice, and referred the matter to the Magistrate Judge for further proceedings.

1  On September 23, 2011, petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("FAP"). On March 13, 2012, respondent filed a Return to the FAP ("Return"), and petitioner filed a Reply to the Return ("Reply") on April 25, 2012.

On August 28, 2012, the United States Magistrate Judge issued a Second Report and Recommendation ("R&R"), recommending that the action be denied with prejudice. On October 16, 2012, petitioner filed Objections to the R&R ("Objections").

## **DISCUSSION**

In his Objections, petitioner attempts to avoid the California Supreme Court's holding in People v. Albillar, 51 Cal.4th 47 (2010), by arguing that the Magistrate Judge erred in applying the "in association with" prong of California Penal Code § 186.22 because the theory was not presented to the jury, argued by the state, or relied on by the California Court of Appeal. (Objections at 2-11). Petitioner is incorrect.

"[I]n a criminal case a defendant is constitutionally entitled to have the issue of criminal liability determined by a jury in the first instance[,]" McCormick v. United States, 500 U.S. 257, 270 n.8, 111 S.Ct. 1807, 1815 n.8 (1991), and a court cannot affirm a conviction based on a theory that was never presented to a jury. See Dunn v. United States, 442 U.S. 100, 106, 99 S.Ct. 2190, 2194 (1979) ("To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process.").

Here, however, the Information specifically alleged that petitioner committed the robbery and possession of a firearm by a felon "for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members." (Clerk's Transcript ("CT") at 58-60). Moreover, the trial court specifically instructed the jury that if it found petitioner guilty of robbery and possession of a firearm by a felon, it "must then decide whether for each crime the People have proved the additional allegation [that petitioner] committed the crime for the benefit of, at the direction of or [in] association with a criminal street gang" and that "[t]o prove this allegation, the People must prove that, one, [petitioner] committed the crime for the benefit of, at the direction of or in association with a criminal street gang; and, two, [petitioner] intended to assist or further promote criminal conduct

1  by gang members." (Reporter's Transcript ("RT") at 1227; CT at 119-21). Additionally, as the
2  Second Report and Recommendation noted, the prosecutor argued to the jury that petitioner acted
3  in association with a criminal street gang. (See RT at 1257 ("Well, ladies and gentlemen, when
4  [petitioner] committed a robbery, an armed robbery with Night Owl, did he do it in association with
5  a criminal street gang? Of course he did.")). Accordingly, the issue of whether petitioner
6  committed the crimes "in association with a criminal street gang" was presented to the jury, and,
7  as the Second Report and Recommendation makes clear, there was sufficient evidence to support
8  this theory. See United States v. Dann, 652 F.3d 1160, 1170 n. 3 (9th Cir. 2011) ("[T]he jury was
9  instructed clearly on the broad definition of 'serious harm.' At this stage in the litigation, we are
10 to ask whether the evidence produced at trial was sufficient for any reasonable juror to convict
11 according to the instructions that he was given.").

12     In any event, without unduly belaboring the point, the evidence discussed in the Second
13 Report and Recommendation was also sufficient to support the conclusion that petitioner
14 committed the crimes for the benefit of a criminal street gang. (See R&R at 3-15); see also
15 Albillar, 51 Cal.4th at 63 ("Expert opinion that particular criminal conduct benefited a gang by
16 enhancing its reputation . . . can be sufficient to raise the inference that the conduct was
17 'committed for the benefit of . . . a[ ] criminal street gang' within the meaning of section
18 186.22(b)(1)."); People v. Hunt, 196 Cal.App.4th 811, 821 (2011) (sufficient evidence to support
19 conclusion robbery was for the benefit of a criminal street gang when gang expert testified that
20 robbery was one of the primary activities of the gang and commission of violent crimes enhanced
21 the gang's reputation in the community and a gang member's status within the gang); Henderson
22 v. Lewis, 2011 WL 4761769, at *19 (C.D. Cal.), report and recommendation adopted by, 2011 WL
23 4790656 (C.D. Cal. 2011) ("Because the jury was entitled to credit [the gang expert's] testimony
24 [that 'the crimes could serve to intimidate others and to gain respect' for the gang], the Court finds
25 that it was not objectively unreasonable for the Court of Appeal to conclude that a rational juror
26 could have found beyond a reasonable doubt that petitioner committed the carjackings and
27 robbery for the benefit of the gang.").

28     Petitioner's remaining objections are without merit and do not warrant further comment.

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Second Report and Recommendation, and the Objections to the Second Report and Recommendation ("Objections"). Having made a de novo determination of the portions of the Second Report and Recommendation to which the Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: Nov. 30, 2012.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE